# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANNAMARIE RIETHMILLER,**

      **Plaintiff,**

v.                                           **Case No:  6:17-cv-1414-Orl-41DCI**

**PEOPLE READY FLORIDA, INC.,
SPRING FOOD SVC, LLC, DISNEY
WORLD RESORTS and BANK OF
AMERICA, N.A.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter comes before the undersigned on the Court's Referral to the undersigned to review Plaintiff's Complaint for frivolity.  Doc. 26.

On August 1, 2017, Plaintiff filed a Complaint "invok[ing] the Constitution of the United States of America . . . and other pertinent laws . . . ."  Doc. 1.  In the Complaint, Plaintiff asserted that Defendants, which included her former employer, were "bound by Federal Employment laws not to discriminate . . . ."  *Id*. at 2.  In the remainder of the Complaint, Plaintiff recounted certain facts related to co-workers allegedly speaking Spanish to her, and alleged that she was discriminated against because she asked that Florida law be implemented, specifically that English be deemed the official language.  *Id*. at 3.

In tandem with her Complaint, Plaintiff filed motions for the appointment of counsel and to proceed *in forma pauperis*.  Docs. 2; 3.  The Court denied the appointment of counsel without prejudice, but allowed Plaintiff to proceed *in forma pauperis*.  Docs. 6; 7.  At the time of those Orders, the undersigned was unaware of Plaintiff's history as a vexatious litigator.  However,

shortly thereafter, Plaintiff filed a frivolous motion to disqualify the United States District Judge assigned to this case. *See* Docs. 13; 16.

Recently, the Court has become aware that this Court has deemed Plaintiff a vexatious litigant and has required that a United States magistrate judge review any case filed by Plaintiff. *See In re Riethmiller*, 8:12-cv-2516-EAK-TBM, Doc. 3 (M.D. Fla. Nov. 7, 2012). As stated by this Court, Plaintiff has a long history of filing frivolous cases over which this Court lacks jurisdiction. *See id*. Further, as detailed in a pending motion by Defendant Peopleready Florida, Inc., Plaintiff has filed dozens of frivolous lawsuits in other state and federal courts. *See* Doc. 24.

Pursuant to the Court's prior Order requiring screening of Plaintiff's filings, the undersigned recommends that the Complaint be dismissed, as not approved for filing, because it fails to comply with Federal Rule of Civil Procedure 8(a).

In addition, because the undersigned was not aware of the screening order at the time Plaintiff's motion to proceed *in forma pauperis* was granted, the undersigned recommends that the Court *sua sponte* reconsider the Order granting that motion. Indeed, the Court is obligated to review the Complaint associated therewith and dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1] Although the Court must liberally construe Plaintiff's complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the complaint. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

---

[1] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

Rule 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although pro se litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

Plaintiff has failed to conform to the procedural rules and has failed to state a valid cause of action against Defendants. Indeed, the Complaint is incomprehensible and fails to state any valid claim for relief. Although Plaintiff appears to invoke the United States Constitution and federal employment law as a basis for jurisdiction and relief, Plaintiff pleads no facts or actual legal theory that would justify relief under those or any other laws. Further, Plaintiff is currently prohibited from filing actions in this Court without meeting certain conditions. *See In re Riethmiller*, 8:12-cv-2516-EAK-TBM, Doc. 3 (M.D. Fla. Nov. 7, 2012).

In most cases, the Court will provide a pro se litigant such as Plaintiff at least one opportunity to amend her complaint prior to a dismissal of that complaint with prejudice and a closure of the case. However, given Plaintiff's history of filing frivolous cases, and the fact that it appears that the Complaint is wholly without merit, it is respectfully recommended that the Court vacate the Order granting Plaintiff leave to proceed *in forma pauperis*, deny the motion to proceed *in forma pauperis*, dismiss the Complaint, and direct the Clerk of Court to close this case.

Accordingly, it is **RECOMMENDED** that:

1. The Order (Doc. 7) granting Plaintiff leave to proceed *in forma pauperis* be **VACATED**;

2. The motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**;

3. The Complaint (Doc. 1) be **DISMISSED**; and

4. The Clerk of Court be directed to **CLOSE** the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on November 28, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties