# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANNAMARIE RIETHMILLER,

      Plaintiff,

v.                                              Case No: 6:17-cv-1414-Orl-41DCI

PEOPLE READY FLORIDA, INC.,
SPRING FOOD SVC, LLC, DISNEY
WORLD RESORTS and BANK OF
AMERICA, N.A.,

      Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. 32)
>
> **FILED:** December 7, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

On August 1, 2017, Plaintiff filed a Complaint "invok[ing] the Constitution of the United States of America . . . and other pertinent laws . . . ." Doc. 1. In the Complaint, Plaintiff asserted that Defendants, which included her former employer, were "bound by Federal Employment laws not to discriminate . . . ." *Id*. at 2. In the remainder of the Complaint, Plaintiff recounted certain facts related to co-workers allegedly speaking Spanish to her, and alleged that she was

discriminated against because she asked that Florida law be implemented, specifically that English be deemed the official language. *Id*. at 3.

In tandem with her Complaint, Plaintiff filed motions for the appointment of counsel and to proceed *in forma pauperis*. Docs. 2; 3. The Court denied the appointment of counsel without prejudice, but allowed Plaintiff to proceed *in forma pauperis*. Docs. 6; 7. At the time of those Orders, the undersigned was unaware of Plaintiff's history as a vexatious litigator. However, shortly thereafter, Plaintiff filed a frivolous motion to disqualify the United States District Judge assigned to this case. *See* Doc. 13. United States District Judge Carlos E. Mendoza entered an Order denying that motion to disqualify because Plaintiff failed to provide a sufficient basis for the requested relief or a memorandum of law in support thereof, and because Plaintiff failed to comply with the Local Rules of this Court. Doc. 16.

Recently, the Court has become aware that this Court has deemed Plaintiff a vexatious litigant and has required that a United States magistrate judge review any case filed by Plaintiff. *See In re Riethmiller*, 8:12-cv-2516-EAK-TBM, Doc. 3 (M.D. Fla. Nov. 7, 2012). As stated by this Court, Plaintiff has a long history of filing frivolous cases over which this Court lacks jurisdiction. *See id*. Further, as detailed in a pending motion by Defendant Peopleready Florida, Inc., Plaintiff has filed dozens of frivolous lawsuits in other state and federal courts. *See* Doc. 24.

Pursuant to the Court's prior Order requiring screening of Plaintiff's filings, on November 28, 2017, the undersigned issued a Report recommending that the Complaint be dismissed, as not approved for filing, because it fails to comply with Federal Rule of Civil Procedure 8(a). Doc. 28. In addition, because the undersigned was not aware of the screening order at the time Plaintiff's motion to proceed *in forma pauperis* was granted, the undersigned recommended that the Court *sua sponte* reconsider the Order granting that motion, vacate the Order granting Plaintiff leave to

proceed *in forma pauperis*, deny the motion to proceed *in forma pauperis*, dismiss the Complaint, and direct the Clerk of Court to close this case. *Id*. That Report and Recommendation remains pending.

In addition to the foregoing, on October 23, 2017, Plaintiff filed a notice of interlocutory appeal seeking to appeal Judge Mendoza's Order denying Plaintiff's motion to disqualify. Doc. 27. In that notice, Plaintiff makes unsupported and rambling allegations in relation to Judge Mendoza – and other state court judges unrelated to this case – that, frankly, are mostly incoherent. *See* Doc. 27.

On November 24, 2017, it appears that Plaintiff filed a motion to appeal *in forma pauperis* before the Court of Appeals as to her notice of interlocutory appeal. Doc. 32. That motion was forwarded to this Court and docketed on December 7, 2017, and is now before the undersigned for the issuance of a Report and Recommendation. *Id*.

## II. DISCUSSION

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (italics added); *see also* Fed. R. App. P. 24(a)(3). "Whether an appeal is taken in good faith is a matter within the discretion of the trial court." *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). Good faith in this context must be judged by an objective standard. *Busch*, 189 F.R.D. at 691. A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in*

*forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (discussing § 1915(e)(2)(B)) (citation omitted); *see also Romano v. Doe 1*, 2:13-cv-246-FtM-29DNF, 2013 WL 1729226, *1 (M.D. Fla. Apr. 22, 3013).

Here, Plaintiff seeks to prosecute an interlocutory appeal of an order denying a motion to disqualify the presiding district judge. However, the Circuit has explained that such an appeal cannot be taken:

> [W]hether an interlocutory appeal lies from the denial of a motion to disqualify the trial judge, has already been answered in the negative in a prior panel decision of this Court, by which we of course are bound. *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958 (5th Cir. 1980), cert. denied, *Mead Corporation v. Adams Extract*, 449 U.S. 888, 101 S.Ct. 244, 69 L.Ed.2d 114 (1980). This type of claim was considered to be fully reviewable on appeal from a final judgment.

*United States v. Gregory*, 656 F.2d 1132, 1136 (5th Cir. 1981);[1] *see also Wyatt v. Rogers*, 92 F.3d 1074, 1080 (11th Cir. 1996) ("An interlocutory appeal does not lie from the denial of a motion to disqualify a district judge."). Thus, the undersigned finds that this appeal is frivolous, and is not taken in good faith. Appellate review of the Order denying the motion to disqualify is not available to Plaintiff on an interlocutory basis.

Further, even if appellate review was not precluded, an analysis of the motion to disqualify on its merits pursuant to § 1915(a)(3) leads the undersigned to the conclusion that the motion is "without arguable merit either in law or fact." *See Napier*, 314 F.3d at 531. Indeed, neither the motion nor the notice of appeal give the undersigned any indication of the basis for the appeal. In both documents, the Plaintiff recounts her upbringing in South Africa under apartheid, her

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

struggles with the United States legal system, and her employment and other personal woes. However unfortunate the circumstances described by Plaintiff, she simply states no legal basis for relief in this Court or on appeal.

Accordingly, it is **RECOMMENDED** that:

1. The motion to proceed *in forma pauperis* on appeal (Doc. 32) be **DENIED**;

2. The Court certify that the appeal is not taken in good faith; and

3. The Clerk be directed to notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 7, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties